I respectfully dissent from the majority opinion affirming the trial courts determination that defendant-appellant Allen Leftridge was a sexual predator. When making a sexual predator determination the trial court is to consider an offender's propensity to engage in sexually oriented behavior in the future and the following list of ten factors enumerated in R.C. 2950.09(3)(2):
"(a) The offenders age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which the sentence is to be involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental stability of the offender;
(h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender, during the commission of the sexually oriented offense for which the sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offenders conduct."
Furthermore, in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, this court stated "simply committing a single sexually oriented offense is not proof, without further evidence or compelling facts, that the offender is `likely to engage in the future in one or more sexually oriented offenses."
While construing these factors and in support of its finding of further evidence or compelling facts the majority states:
 "The charges of corrupting a minor arose from conduct which occurred on two separate dates. The offender was twenty-seven years old and the victims were fifteen years old. Alcohol was consumed during one of the incidents. Most significantly, the defendant was an officer at the juvenile court and knew that one of the girls had been detained there."
I do not feel this evidence supports a finding that defendant is a sexual predator. First, a review of the ten factors reveals only two of the ten factors, (e) and (d), applied to defendant. He consumed alcohol with the victims and the offense involved multiple victims. Other than these two, none of the other eight factors applied. The offender was only twenty-seven, he had no prior criminal record of any kind, the victims were teenagers not children, he had never been convicted of a sexual offense, there was no evidence of prior mental illness, there was no pattern of sexual abuse, and there was no use of threats or cruelty.
Second, there was no further evidence or other compelling facts indicating defendant was likely to engage in the future in more sexually oriented offenses. Defendant did not initiate contact with the victim, who was a chronic runaway. He merely gave her his pager number while she was staying at the detention center. Upon her release, the victim paged defendant and instigated the contact between the two. Also, there was no use of force, violence, or threats. Defendant did not force himself on either of the victims nor did he injure them. In fact on the two occasions defendant and the victims met, the meeting was consentual and prearranged. And after the first meeting where defendant digitally penetrated the one victim, they agreed to cut school and meet with him again in order to go to a hotel, knowing that sexual interaction was likely to occur. Moreover, defendant did not exhibit a systematic pattern of abuse. The instant criminal acts occurred at two meetings within four days. Furthermore, there is no evidence defendant had any further contact with the victims after the second meeting in the hotel room. The entire episode took place within four days.
In State v. Cook (1998), 83 Ohio St.3d 404, 423, the Ohio Supreme Court stated the sexual predator law is wholly remedial with a purpose of protecting the public and is not punitive. As a result R.C. 2950.09 is not intended to punish the offenders but rather to protect the public from exposure to further acts by offenders. While corruption of a minor is an egregious criminal offense, just because an offender is found guilty of this offense does not make him a sexual predator. There is simply no compelling evidence in the present case which indicates defendant is going to commit a future sexually oriented offense or that this incident is more than a single isolated event.
For the foregoing reasons, I would reverse the trial courts determination finding defendant to be a sexual predator.